# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAYNE GEOCONSTRUCTION,

    Plaintiff,

v.        Case No.   03-C-0692

EMPLOYERS INSURANCE COMPANY OF
WAUSAU and TUDOR INSURANCE COMPANY,

    Intervenor Plaintiffs,

v.

KUHLMAN, INCORPORATED,

    Defendant and Third-Party Plaintiff,

v.

FES SYSTEMS, INC. and FES MIDWEST, INC.,

    Third-Party Defendants and Fourth-Party Plaintiff,

v.

LEXINGTON INSURANCE COMPANY and
TRUMBULL INSURANCE COMPANY,

    Third-Party Defendants,

v.

APV NORTH AMERICA, INC.,

    Fourth-Party Defendant.

## DECISION AND ORDER

In 2003, Layne Geoconstruction ("Layne") filed its complaint in this Court alleging that the defendants were responsible for providing it with a defective mobile refrigeration unit, designed and used for ground freezing in construction excavation operations. Layne brings counts for breach of contract, breach of express warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and strict liability for defective products.[1] Since the filing of Layne's original complaint, other parties and claims have been added to the action. Various motions are now before the Court.

Before addressing the motions pending before it, the Court seeks to clarify the jurisdictional basis of one of the claims in the above-captioned action. Federal courts always retain the ability to examine their jurisdictional authority to hear an action. Such reviews may be undertaken *sua sponte*. *See Hay v. Ind. State Bd. of Tax Commissioners*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

In its first complaint, Layne stated that this Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. Kuhlman, Incorporated ("Kuhlman"), in its amended answer, denied the existence of federal question jurisdiction, but admitted that jurisdiction existed under 28 U.S.C. § 1332. Layne subsequently filed an amended, as well as a second amended complaint. In its second amended complaint, filed on January 20, 2004, Layne once again identified § 1331 as the basis for the Court's jurisdiction. In its answer to this second

---

[1] Layne filed a second amended complaint on January 20, 2004.

amended complaint, Kuhlman, once again, stated that jurisdiction derived from the diversity of the parties, not the existence of a federal question. Having reviewed Layne's second amended complaint, the Court is at a loss to identify any grounds implicating federal question jurisdiction. Therefore, the Court must apply the rules regulating diversity actions.

Layne, in addition to the second amended complaint filed against Kuhlman, brought, on February 22, 2005, a cross-claim against FES Systems, Inc. ("FES Systems"), FES Midwest, Inc. ("FES Midwest"), and APV North America, Inc. ("APV"). In its cross-claim, Layne (finally) acknowledges that the Court's jurisdiction in this action rests on diversity. Layne, when identifying the jurisdictional ground for its cross-claims, states:

> The District [sic] has jurisdiction over the dispute and the parties pursuant to § [sic] 28 U.S.C. § 1332, in that the original action is between citizens and residents of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

Layne Geoconstruction's Cross Claims Against Third Party Defendants, FES Systems, Inc., FES Midwest, Inc., and APV North America, Inc. ¶ 7.)

This cross-claim appears problematic. Section 1332 of Title 28 of the United States Code provides federal courts with original jurisdiction over an action where the sum in controversy exceeds $75,000 and such action is between citizens of different states. 28 U.S.C. § 1332. Layne is a Delaware corporation and so is APV.[2] (FES Systems and FES Midwest are incorporated in Pennsylvania and Illinois, respectively.) Furthermore, cross-

---

[2] A corporation is considered a citizen of the state wherein it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332.

3

claims are filed against co-parties. *See* Fed R. Civ. P. 13(g); *Mauney v. Imperial Delivery Svcs., Inc.*, 865 F. Supp. 142, 153 (S.D.N.Y. 1994). In addition to Layne's claims, Kuhlman brought a third-party complaint against FES Midwest, FES Systems, and APV for contribution and indemnification. FES Midwest, FES Systems and APV have brought cross-claims against one another and FES Systems brought a fourth-party complaint against APV. Perhaps Layne believes that Kuhlman's third-party complaint against these parties, or its counterclaim against Layne, somehow makes Layne co-parties with FES Midwest, FES Systems and APV. The Court is not convinced. Layne's claims against FES Midwest, FES Systems, and APV substantively mirror those brought against Kuhlman. If anything, it seems as though Layne wishes to bring the above-named parties into its suit as co-defendants of Kuhlman. If Layne wished to amend its complaint by adding APV as a defendant, it would destroy diversity. Before Layne can invoke this Court's ancillary jurisdiction–if that is what it intended–it must first demonstrate how it is able to bring its cross-claim and then establish the jurisdictional basis for that filing.

The burden is on Layne to establish this Court's jurisdiction over its purported cross-claim against FES Midwest, FES Systems, and APV. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). The Court will require Layne to brief and thereby explain the jurisdictional basis for its claims against the aforementioned three parties. Additionally, Layne will explain why a cross-claim is the proper vehicle for its claims. Of course, Layne,

4

if it is unable to justify its cross-claim, may file to withdraw that portion of the present suit. Now, the Court turns to APV's motion.

On April 28, 2005, APV filed a motion to compel discovery against FES Systems. In its supporting brief, APV explains that it has been trying to discover the details of the relationship between FES Systems and "an entity known as 'Thermo Power Corporation' or 'FES Division of Thermo Power Corporation.'"[3] (Br. in Supp. of APV N. America, Inc.'s Mot. to Compel Disc. from FES Systems, Inc., and for Enlargement of Time to Amend Pleadings and Join Additional Parties ("Supp. Br.") at 1.) APV needs to determine whether Thermo Power should be added as a defendant to the present litigation. (*Id*.) Additionally, APV states that information about the relationship between FES Systems and Thermo Power will inform its evaluation of certain affirmative defenses, additional claims, and any need to amend its pleadings.

By way of background, Layne purchased certain equipment from Kuhlman, the original defendant to this action, who, in turn, had purchased some of the equipment from Thermo Power. Thermo Power provided specifications for heat exchangers, which APV then manufactured. Kuhlman filed claims against FES Systems, which had recently purchased the assets of Thermo Power. (FES Systems, Inc.'s Resp. to Pls.' Mots. to Compel and for Enlargement of Time to Amend Pleadings ("Opp'n Br.") at 2.) FES Systems, in turn,

---

[3]Thermo Power Corporation or FES Division of Thermo Power Corporation will hereinafter be referred to as "Thermo Power."

5

filed a fourth-party complaint against APV, alleging that APV was liable for damages related to the sale of a heat exchanger ultimately purchased by Layne. (*Id.*)

APV chronicles the following events in support of its motion to compel. In December 2004, APV made informal requests for information to FES Systems, with no success. Subsequently, on March 7, 2005, APV served production requests and interrogatories on FES Systems. These requests were all "directed to discovering information about FES Systems' acquisition of assets from Thermo Power Corporation." (Supp. Br. at 2.) When timely answers were not forthcoming, counsel for APV spoke to FES Systems' attorney both on April 12, 2005 and April 19, 2005. Letters of confirmation were sent to FES Systems' counsel following both conversations.

On April 22, 2005, counsel for FES Systems sent a letter and seven pages of an asset purchase agreement to APV's counsel. These pages purportedly clarified the relationship between FES Systems and Thermo Power. In the April 22, 2005 letter, FES Systems stated that FES Systems, not Thermo Power, was "responsible" in this litigation. (Supp. Br. at 3.) Finding this information "inadequate and incomplete," (*see* Aff. of R. Jamieson in Supp. of APV N. America, Inc.'s Mot. to Compel Disc. from FES Systems, Inc., and for Enlargement of Time in which to Amend Pleadings and Join Additional Parties at ¶ 11), and not wanting to run afoul of his Rule 11 obligations, counsel for APV left messages on April 25th and 26th for opposing counsel seeking full and complete responses to APV's discovery requests. An e-mail communicating the same was sent from APV to FES Systems on April 27, 2004. On

6

that same day, counsel for both parties spoke via telephone. Subsequently, counsel for FES Systems left a message for APV's counsel explaining (1) that he was leaving town for a couple of days, and (2) though he did not yet have authority to provide a full copy of the requested asset purchase agreement, he believed he could obtain such permission by the following week. (Supp. Br. at 4.) His message, however, did not touch on APV's other outstanding discovery requests, nor provide a date certain by which the requested information would be forthcoming.

APV states that, as a result of FES Systems' dilatory behavior, it could not comply with the Court's April 25, 2005 deadline for joining additional parties and amending pleadings.

FES Systems opposes APV's motion to compel. First, FES Systems explains that discussions were still ongoing when APV filed its motion and, further, that it attempted to provide the requested information while respecting a confidentiality requirement contained in the relevant asset purchase agreement. FES Systems points out that it has subsequently produced the entire asset purchase agreement, supplied written responses to APV's discovery requests, and, at APV's insistence, circulated a stipulation and proposed order among the parties related to a protective order and an extension of time for adding new parties–presumably accommodating APV's desire to act on its recently obtained information from FES Systems. FES Systems concludes that APV's motion is now moot.

7

FES Systems also attempts to counter APV's motion by claiming that APV's actions were not in conformity with Civil Local Rule 37.1. FES Systems argues that APV knew opposing counsel was seeking authorization to release the requested document. APV, aware of this information and in communication with FES Systems, nevertheless went ahead and filed its motion to compel. Even once the requested purchase agreement was produced, APV still did not withdraw its motion. Instead, it ratcheted up its requests and required FES Systems to circulate a stipulation to all parties and pay those attorney fees that APV incurred in filing its motion to compel.[4] At bottom, FES argues that APV's motion was unnecessary and "should not have been filed in the first place." (Opp'n Br. at 9.)

Rule 37 of the Federal Rules of Civil Procedure, discussing motions to compel, states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Parties are required to respond to issued interrogatories and requests for production within 30 days of service of the requests. *See* Fed. R. Civ. P. 33(b)(3) & 34(b).

---

[4]FES also states that APV has violated the spirit of Civil Local Rule 37.1 by "unilaterally imposing obligations that would never be ordered by the court, such as solicitation of agreements between all of the parties." (Opp'n Br. at 9.) The Court is left to wonder why FES Systems felt it had no choice but to oblige APV's requests and what relevance these facts have to its failure to provide requested information in a more timely fashion.

In the present instance, FES Systems claims that it has provided responses to APV's discovery requests, including producing the requested asset purchase agreement. (*See* Opp'n Br. at 6.) Admittedly, FES Systems provided this information after APV had filed its motion to compel and after the time for responding permitted under Fed. R. Civ. P. 33(b)(3) and 34(b). Pursuant to Rule 37, the Court must now answer whether APV filed its motion without first making a good faith effort to obtain the information from FES Systems, and whether FES System's failure to provide the requested information in a timely fashion was substantially justified, or that other circumstances make an award of expenses unjust.

APV made a good faith effort to obtain the information from FES Systems before filing its motion to compel. These efforts included informal discussions in December 2004 and service of discovery requests in March of 2005. Counsel for APV either communicated with, or left messages for, opposing counsel on April 12th, 19th, 25th, 26th, and 27th. FES Systems seems to think it was misled by APV's representations and unfairly subjected to additional demands. The Court disagrees. APV made a concerted effort to obtain the requested documents and information. APV could not have reasonably been expected to rely on FES Systems' vague representation that the production of the asset agreement "would probably be forthcoming" upon counsel's return from a trip. (*See* Opp'n Br. at 5.)

FES Systems' responses were tardy and came after APV filed its motion to compel. Despite repeated attempts by APV to provide additional time, FES Systems did not provide the requested information. FES Systems sidesteps the issue by declaring APV's motion moot

9

because all of the requested information has been provided. This reasoning is off. It is not unusual for a party to produce documents with dispatch once another party files a motion to compel. The Court focuses its attention on the situation that *caused* the motion to be filed in the first place. FES Systems cannot cure dilatory behavior through an after-the-fact remedy.

FES Systems also seems to think that the existence of a confidentiality requirement in the asset purchase agreement explains the delay in its production. However, the entire agreement *was* produced and FES Systems has not provided any reason why this production could not have been timely. Likewise, the Court does not know why FES Systems' other discovery responses were tardy. FES Systems has not carried its burden of showing that its failure to produce the requested information in a timely manner was substantially justified. Nor has FES made a viable argument that an award of attorney's fees to APV is otherwise unjust. Therefore, the Court will award APV those attorney's fees and costs it incurred in bringing its motion to compel.

On April 28, 2005, APV, as part of the same document containing its motion to compel, moved the Court for an enlargement of time in which to amend its pleadings and join additional parties. Because no party has voiced opposition to this request, the Court grants APV's request for an extension of time.

Finally, FES Systems, by motion dated May 23, 2005, and pursuant to Civil Local Rule 26.4, moves the Court for a protective order safeguarding the confidentiality of the

10

parties' business practices, including the specifying, manufacturing and pricing of their equipment. Though FES Systems states that APV opposes its motion, APV has not filed a formal objection with this Court. (*See* FES Systems, Inc.'s Mem. in Supp. of Mot. for Protective Order at 3.) Insofar as FES System's motion is based on good cause, the Court enters the requested order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Layne shall submit a brief, no later than August 15, 2005, detailing the jurisdictional basis for its cross-claim against FES Midwest, FES Systems and APV. This brief should also explain why a cross-claim is the proper vehicle for Layne's claims against these parties.

APV's Motion to Compel and for Enlargement of Time (Docket No. 90) is **GRANTED**.

To the extent it has not done so thus far, FES Systems shall respond to APV's First Set of Interrogatories and Request for Production, and produce all responsive documents that are within its possession, custody or control, by August 1, 2005.

FES Systems is ordered to pay attorney's fees and costs incurred by APV in bringing its Motion to Compel and for Enlargement of Time. To this end, APV shall file a statement of attorney's fees and costs with the Court no later than August 8, 2005.

If FES Systems chooses to respond to APV's statement of fees and costs, it must do so no later than August 22, 2005.

APV may amend its pleadings and add parties in this action until August 8, 2005.

FES Systems, Inc.'s Motion for Local Rule 26.4 Protective Order (Docket No. 101) is **GRANTED**. Pursuant to Civil Local Rule 26.4, the Court enters the following protective order as to all parties in the present action and regarding the confidentiality of all documents

12

produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony:

(1) Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(2) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

13

(3) Information or documents designated as confidential under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

(4) The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this rule.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

(5) Except as provided in Subparagraph (4), counsel for the parties must keep all documents designated as confidential which are received under this rule secure within their exclusive possession and must place such documents in a secure area.

(6) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

(7) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court

reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope.

(8) The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1. The party prevailing on any such motion must be entitled to recover as motion costs its actual attorney's fees and costs attributable to the motion.

(9) At the conclusion of the litigation, all material not received in evidence and treated as confidential under this rule must be returned to the originating party. If the parties so stipulated, the material may be destroyed.

Dated at Milwaukee, Wisconsin this 19th day of July, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**